IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV6-MU-02

| | | |
|---|---|---|
| PERCY ALLEN WILLIAMS, JR., | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | ORDER |
| | ) | |
| ROBERT JONES, Supt. of the | ) | |
|   Hyde Correctional Institu- | ) | |
|   tion, | ) | |
|     Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus . . . " (document # 1) and on his Motion to Amend Writ of Habeas Corpus (document # 2), both filed January 8, 2009.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from such any petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

    I.    **FACTUAL AND PROCEDURAL BACKGROUND**

According to the Petition and exhibits filed therewith, on December 4, 2003, a jury convicted Petitioner of attempted first-degree murder, first-degree kidnapping, and assault with a deadly

weapon with intent to kill, inflicting serious injury. Accordingly, also on that date, the Superior Court of Mecklenburg County sentenced Petitioner to consecutive terms of 189 to 236 months and 100 to 129 months, for a total sentence of 289 to 365 months imprisonment.

Petitioner directly appealed his case to the North Carolina Court of appeals. However, by an unpublished decision entered July 5, 2006, the State appellate court rejected Petitioner's appeal upon a finding of "no error." See North Carolina v. Williams, 178 N.C.App. 394 (July 5, 2006) (unpublished). The Petition further reports that Petitioner did not seek any further direct review.

Rather, on October 7, 2007, Petitioner initiated his pursuit of collateral review by filing a Motion for Appropriate Relief (MAR, hereafter) in the Superior Court of Mecklenburg County. However, that MAR subsequently was denied. Likewise, a second MAR from Petitioner also was denied. In addition, Petitioner's Petition for a Writ of Certiorari was denied by the State Court of Appeals. Then, on December 11, 2008, Petitioner's Petition for Discretionary Review reportedly was "summarily dismissed" by the Supreme Court of North Carolina, thereby concluding his pursuit of collateral relief in State court.

Undaunted, Petitioner now has filed the instant federal Petitioner under 28 U.S.C. § 2254 alleging that the trial court committed reversible error by convicting him of attempted first-

degree murder upon a fatally defective indictment; that he was subjected to ineffective trial and appellate counsel; that his sixth amendment right to counsel was taken away from him without a knowing and voluntary waiver; that the trial court committed reversible error in by convicting him of first-degree kidnapping upon a fatally defective indictment; and that the trial court committed reversible error by improperly joining the offenses for trial. Nevertheless, the instant Motion must be summarily <u>dismissed</u>.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the

3

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, as the Court previously noted, Petitioner was convicted and sentenced on the underlying State charges on December 4, 2003. Petitioner's convictions were affirmed by the State Court of Appeals on July 5, 2006, and he did <u>not</u> seek any further direct review of his case. Thus, Petitioner's case became final no later than October 5, 2006 -- that is, at the expiration of the 90-day period during which he could have sought <u>certiorari</u> review. <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003). Ultimately, then, in the absence of any intervening circumstances, Petitioner had up to and including October 5, 2007, in which to file the instant § 2254 Petition. <u>See</u> <u>Hernandez v. Caldwell</u>, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); <u>and</u> <u>Harris v. Hutchinson</u>, 209 F.3 325, 328 (4th Cir. 2000) (same); <u>see also</u> 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment

4

became final by the conclusion of direct review or the expiration of the time for seeking such review."). On this record, it appears that Petitioner did <u>not</u> file the instant Petition by such October 5th deadline.

Additionally, while it has not escaped the Court's attention that Petitioner did seek post-conviction review in the State court system, that fact is of little consequence here. That is, Petitioner allowed his one-year deadline to expire by two days before he initiated his pursuit of that review with the filing of his first MAR. (<u>See</u> Petr.'s Mot. To Amend 18, noting that his first MAR was not filed until October 7, 2007). Thus, by the time Petitioner filed that MAR, his one-year limitations period already had fully expired. Consequently, because it is well settled that subsequently filed motions or petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late. <u>See</u> <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period). In short, the time during which Petitioner pursued collateral review cannot be used to toll the one-year limitations period.

However, even if the Court were to give Petitioner the benefit

5

of all conceivable doubts and somehow treat his first MAR as having been filed on October 5, 2007, thereby tolling Petitioner's one-year deadline for the entire time that his State collateral proceedings were pending, he still would have had only a single day after the denial of those proceedings in which to file his federal Petition in this Court. The record clearly shows, however, that Petitioner's State collateral proceedings were concluded on December 11, 2008; that he, therefore, would have had until December 12, 2008, in which to file his federal Petition; and that Petitioner did not file this Petition until December 28, 2008 –- some 16 days late –- when he reportedly placed it in his prison's mailing system. Consequently, even under the Court's more generous calculations, there simply is not way to escape the conclusion that Petitioner's Petition was untimely filed in this Court.

No doubt, having allowed more than 26 months to elapse between the affirmation of his convictions and sentences and his pursuit of federal relief, Petitioner was aware that this Petition might be construed as time-barred.[1] Indeed, question 18 on his form-

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form]

6

Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their <u>habeas</u> Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." In response question 18, Petitioner asserts that:

> The (AEDPA) should not apply in this instant case because the Petitioner contends the indictments for attempted first-degree murder, 1st degree kidnapping are fatally defective since they failed to allege essential elements to charge a crime. Thus, these 5th, 6th Amend Const. Errors/violations are reversible per se, and equally important they are jurisdictional defects that cannot be waived and may be challenged at "anytime." The trial court was without subject matter jurisdiction to enter judgment against the defendant and failure to consider this petition/or claim would result in a "fundamental miscarriage of justice." Furthermore, the State Courts decisions in this instant case is contrary to or involves an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court, and the State Court decisions are "contrary to" U.S. Supreme Court precedent and it arrives at "a conclusion opposite to that reached by (Supreme Court) on a question of Law" and confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result "opposite" to that of Supreme Court. The Petitioner also raised an (IAC) claim against (trial and appellate counsel) for failing to dismiss the fatally defective indictments, which prejudiced his defense and there is a "reasonable probability" that but for the deficiency, the outcome of the proceedings would've been different. The

---

does not bar [such] motion." Accordingly, given the fact that Petitioner has addressed the timeliness of his Petition--albeit unsuccessfully--the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

> Petitioner also requests an evidentiary hearing which must be held to answer material facts of clearly established federal law namely an (IAC) claim.

Notwithstanding his apparent belief to the contrary, however, Petitioner's explanation falls far short of demonstrating a basis for construing his Petition as timely filed. To be sure, the limitations deadline set forth in the AEDPA does, in fact, apply to Petitioner's case. Furthermore, the nature of Petitioner's claims do not give rise to any statutory basis for tolling the subject deadline.

Moreover, while the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), Petitioner also has not articulated any such rare circumstances for equitable tolling. Indeed, the Court finds that equitable tolling would be particularly inappropriate here, where Petitioner inexplicably allowed the one-year limitations period completely or nearly completely to expire before he made any effort to exercise his collateral rights in State Court. While Petitioner was entitled to delay his proceedings in that way, he did so at his own peril, and so must fully bear the consequences of such an unwise decision.

The Court also is aware of the Fourth Circuit's recent

decision in Bilal v. North Carolina, No. 06-6677 (4th Cir. July 18 2008), in which the Court specifically limited its holding to the facts of that case and concluded that this Court's sua sponte dismissal of a § 2254 Petition was premature; however, this case is distinguishable from Bilal. In Bilal, the petitioner responded to question 18 on his form petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. Here, Petitioner gave an extensive explanation for his delay. Unfortunately, however, such explanation simply cannot carry the day for Petitioner. Ultimately, therefore, the undersigned finds that Petitioner's untimeliness stands as an absolute bar to his entitlement to federal review.

Finally, as to his Motion to Amend, inasmuch as no response has been filed by Respondent and Petitioner's Motion to Amend was filed on the same date as his Habeas Petition, it was not necessary for him to seek leave of Court in order to amend his Petition. Therefore, that Motion will be dismissed as moot.

### III. CONCLUSION

The Court has determined that the instant Petition was untimely filed without excuse; therefore, such Petition must be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion to Amend (document # 2) is **DISMISSED**

9

as moot; and

2. Petitioner's Petition for a Writ of <u>Habeas Corpus</u> (document # 1) is **DENIED and DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: January 13, 2009

Graham C. Mullen
United States District Judge