# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:09CV6-MU-02

| | |
|---|---|
| PERCY ALLEN WILLIAMS, JR., ) | |
|     Petitioner, ) | |
| ) | |
|        v. ) | ORDER |
| ) | |
| ROBERT JONES, Supt. of the ) | |
|   Hyde Correctional Institu- ) | |
|   tion, ) | |
|     Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Amend, filed March 16, 2009 (document # 5); on his Motion for Extension of Time to File an Appeal and Motion to Reopen the Time to File an Appeal, filed May 11, 2009 (document ## 6-1 and 6-2); on Petitioner's Motion for Summary Judgment, filed June 11, 2009 (document # 7); on his Motion to Appoint Counsel, filed June 11 2009 (document # 8); on Petitioner's Motion for Permission to Appeal in Forma Pauperis, filed June 11, 2009 (document # 10); and on his so-called "Motion In Abeyance," filed June 25, 2009 (document # 15).

Pertinent to the instant Motions, on January 8, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his December 4, 2003 convictions for attempted first-degree murder, first-degree

kidnapping, and assault with a deadly weapon with intent to kill, inflicting serious injury. Upon this Court's review of that Petition, it was determined that the same was time-barred. More specifically, the Court determined that Petitioner's convictions became final no later than October 5, 2006 -- that is, at the expiration of the 90-day period during which he could have sought <u>certiorari</u> review following the denial of his appeal, <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003); that in the absence of any intervening circumstances, Petitioner had up to and including October 5, 2007, in which to file the instant § 2254 Petition, <u>Hernandez v. Caldwell</u>, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and that although Petitioner had sought post-conviction, collateral review in State Court, he did not commence those efforts until <u>after</u> the expiration of his one-year limitations period. Therefore, the Court determined that Petitioner's Petition was untimely filed.

Furthermore, the Court determined that Petitioner's explanation for his filing delay failed to establish either a statutory or equitable ground to excuse that delay. Moreover, the Court determined that Petitioner's case was distinguishable from the facts in <u>Bilal v. North Carolina</u>, No. 06-6677 (4th Cir. July 18 2008); therefore, he was not entitled to any additional opportunities to explain his delay. Ultimately, therefore, on January 13, 2009, the Court entered an Order dismissing

Petitioner's § 2254 Petition as untimely filed.

Petitioner now has returned to the Court on the instant assorted Motions. However, in the midst of his various filings, on June 11, 2009, Petitioner gave notice of his intent to appeal his case to the Fourth Circuit Court of Appeals. Apparently aware that his appeal was filed out of time, Petitioner also filed his Motions seeking an extension of time to appeal or, presumably in the alternative, to reopen the time to file his appeal.

In support of those Motions, Petitioner reports that although this Court entered an Order closing his case on January 13, 2009 (document # 3), he did not receive notice of that dismissal until May 2009 when he received a response to his inquiry into the status of his case. For its part, the Court has examined the docket sheet for Petitioner's case and determined that such document is silent as to whether or not a copy of the Order of dismissal was sent to him Petitioner at the time that Order was entered. As such, Petitioner has met the requirements for reopening the time for him to file an appeal as prescribed by Federal Rule of Appellate Procedure 4((a)(7). That is, Petitioner has established that: (1) he did not receive notice of the dismissal of his case until nearly four months after the Order of dismissal was entered; (2) his Motion to Reopen was filed within 7 days of his discovery of the dismissal; (3) and no party will be prejudiced by granting such Motion to Reopen. Therefore, Petitioner's Motion to Reopen will be

3

granted and his notice of appeal will be deemed timely filed. Additionally, in light of the Court's decision to grant Petitioner's Motion to Reopen, his Motion for Extension of Time to Appeal will be dismissed as moot.

Petitioner also is seeking permission to appeal as a pauper. In support of his IFP Motion, Petitioner has submitted a certified copy of his inmate trust account statement. That document establishes that Petitioner is employed at his prison and earns about $ 9.00 per month; that within the six months preceding the filing of his IFP Motion, Petitioner received approximately $65.00 in money orders; and that at the time he filed his Motion, Petitioner had an account balance of $11.52. Based upon the foregoing, the Court finds that Petitioner does not have sufficient funds from which to pay the $455.00 filing fee. Accordingly, Petitioner's IFP Motion will be granted.

On the other hand, Petitioner's post-judgment motions to amend his § 2254 Petition (to raise an additional claim that the charges for which he stands convicted were fatally defective) and for Summary Judgment both will be dismissed as those Motions do not cause this Court to question its earlier determination that Petitioner's Petition was untimely filed, and this case now is on appeal. Similarly, Petitioner's Motion to Appoint Counsel will be denied as there is no right to counsel in cases of this nature, and Petitioner has failed to establish the existence of any exceptional

circumstances to support his request in any event.

Finally, Petitioner's Motion in Abeyance asks this Court to issue an order holding in abeyance his notice of appeal while the Court reaches his other Motions. However, inasmuch as such other Motions are being resolved, there is no reason to further delay his appeal. Consequently, this Motion will be dismissed as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion to Amend, filed March 16, 2009 (document # 5) is **DISMISSED**

2. Petitioner's Motion to Reopen the Time to File an Appeal, filed May 11, 2009 (document # 6-2) is **GRANTED**, but his Motion for Extension of Time to File an Appeal (document # 6-1) is **DISMISSED as moot;**

3. Petitioner's Motion for Summary Judgment, filed June 11, 2009 (document # 7) is **DISMISSED;**

4. Petitioner's Motion to Appoint Counsel, filed June 11 2009 (document # 8) is **DENIED;**

5. Petitioner's Motion for Permission to Appeal in <u>Forma Pauperis</u>, filed June 11, 2009 (document # 10) is **GRANTED;** and

6. Petitioner's "Motion In Abeyance," filed June 25, 2009 (document # 15) is **DISMISSED as moot.**

**SO ORDERED.**

Signed: July 14, 2009

Graham C. Mullen
United States District Judge