IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV6-MU-02

| | | |
|---|---|---|
| PERCY ALLEN WILLIAMS, JR., ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | | ORDER |
| ) | | |
| ROBERT JONES, Supt. of the ) | | |
| Hyde Correctional Institu- ) | | |
| tion, ) | | |
| Respondent. ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on Petitioner's Motion for Release Pending Appeal, filed June 11, 2009 (Doc. No. 11); on his Motion for Relief from Judgment, filed April 16, 2010 (Doc. No. 20); on his Motion to Appeal in Forma Pauperis, filed April 16, 2010 (Doc. No. 22); and his Motion to Appoint Counsel, filed April 16, 2010 (Doc. No. 23).

Pertinent to the instant Motions, on January 8, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his December 4, 2003 convictions for attempted first-degree murder, first-degree kidnapping, and assault with a deadly weapon with intent to kill, inflicting serious injury. Upon this Court's review of that Petition, it was determined that the same was time-barred because Petitioner had no excuse for his failure to file his § 2254

Petition by October 5, 2007 –- the date on which his AEDPA one-year limitations deadline expired. Therefore, on January 13, 2009, the Court entered an Order dismissing Petitioner's § 2254 Petition as untimely filed.

Thereafter, Petitioner filed a notice of appeal (Doc. No. 9). Petitioner also filed other motions for miscellaneous relief; however, those matters were rejected. (Doc. Nos. 6 through 8). Furthermore, the Fourth Circuit Court of Appeals essentially approved of this Court's decision inasmuch as it concluded that Petitioner had failed to make a substantial showing that reasonable jurists would find that the Court's decision was debatable or wrong. Williams v. Jones, 348 Fed. App'x 895 (4th Cir. Oc. 27, 2009). Therefore, the appellate Court denied Petitioner's request for a certificate of appealability and dismissed his appeal. Id.

Undaunted, Petitioner now has filed certain additional Motions seeking further review and assistance in his case. Nevertheless, Petitioner is not entitled to any relief on the subject Motions.

Concerning his Motion for Release (Doc. No. 11), Petitioner failed to demonstrate an entitlement to release pending the outcome of his appeal. More critically, such appeal now is resolved; therefore, his Motion for Release must be dismissed as moot.

Petitioner's Motion for Relief pursuant to Rule 60(b) (Doc. No. 20) also must be flatly rejected. To be sure, Petitioner's

2

challenge to the Court's calculation of his one-year limitation period simply is not aided by his arguments that the AEDPA did not replace the precedent which sets the standard for reviewing claims of constitutional error. Such review can only be conducted upon timely filed claims. Nor has Petitioner established an entitlement to relief on the basis of his assertion of a change in the law. Thus, inasmuch as the Court's calculation already has been upheld, at least implicitly, by the Court of Appeals, he cannot obtain relief from the Court's judgment on these arguments.

In addition, based upon the foregoing information and analyses, it stands to reason that Petitioner's Motions to Appeal in Forma Pauperis (Doc. No. 22) and for the appointment of counsel (Doc. No. 23) must be rejected. Indeed, two of the questions which Petitioner identified for his proposed appeal -- whether this Court erred in dismissing his Habeas Petition without an evidentiary hearing and whether this Court erred by misapplying the AEDPA to his case in light of his supposed "actual innocence" -- tacitly were resolved by the Court of Appeals' denial of his appeal. Moreover, the other claims which Petitioner is proposing to raise -- whether the State court erred in convicting him of murder, kidnapping and assault under fatally defective indictments, whether trial and appellate counsel were ineffective, and whether, in the absence of an intelligent waiver, the State court erred in allowing

him to proceed without counsel during a critical stage of the trial -- cannot be raised in an appeal to the Circuit Court because this Court never reached the merits of those claims due to the untimeliness of Petitioner's Petition.

Finally, with respect to his request for counsel, Petitioner does not currently have a case pending in this Court. Consequently, his Motions to Appeal in <u>Forma Pauperis</u> and for the Appointment of Counsel must be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion for Release (Doc. No. 11) is **DISMISSED as moot;**

2. Petitioner's Motion for Relief from Judgment (Doc. No. 20) is **DENIED;**

3. Petitioner's Motion for Permission to Appeal in Forma Pauperis (Doc. No. 22) is **DENIED;** and

4. Petitioner's Motion to Appoint Counsel (Doc. No. 23) is **DENIED.**

**SO ORDERED.**

Signed: April 27, 2010

*Graham C. Mullen*
Graham C. Mullen
United States District Judge