# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:09CV6-MU-02

PERCY ALLEN WILLIAMS, JR., )
    Petitioner, )
                           )
          v.                 )               <u>ORDER</u>
                           )
ROBERT JONES, Supt. of the )
  Hyde Correctional Institu- )
  tion, )
    Respondent. )
_____)

      **THIS MATTER** comes before the Court on Petitioner's Request for a Certificate of Appealability, filed May 11, 2010 (Doc. No. 26).

      The record reflects that on January 8, 2009, Petitioner filed a Petition for a Writ of <u>Habeas Corpus</u> pursuant to 28 U.S.C. § 2254, seeking to challenge his December 4, 2003 convictions for attempted first-degree murder, first-degree kidnapping, and assault with a deadly weapon with intent to kill, inflicting serious injury.  Upon this Court's review of that Petition, it was determined that the said Petition was time-barred.  Specifically, the Court determined that Petitioner's convictions became final on October 5, 2006, therefore giving him up to and including October 5, 2007 in which to file his <u>habeas</u> Petition.  The Court further determined that Petitioner's explanation for his filing delay failed to establish either a statutory or equitable ground to

excuse that delay; and that the facts in Petitioner's case were distinguishable from the facts in Bilal v. North Carolina, No. 06-6677 (4th Cir. July 18 2008).  Ultimately, therefore, on January 13, 2009, the Court entered an Order dismissing Petitioner's § 2254 Petition as untimely filed.

Thereafter, Petitioner returned to the Court on a series of motions seeking an extension of time to appeal or, presumably in the alternative, to reopen the time to file his appeal, permission to proceed on appeal as a pauper, post-judgment permission to amend his § 2254 Petition, and an order holding in abeyance his notice of appeal while the Court reaches his other Motions.  By an Order filed July 14, 2009, the Court granted Petitioner's motions to reopen his appeal period and to proceed as a pauper.  However, the Court denied his motions to amend and to hold his notice of appeal in abeyance.

Thereafter, the Fourth Circuit denied Petitioner's first request for a certificate of appealability and, finding no error in this Court's determination that the Petition was untimely filed, dismissed his appeal of that matter.  Williams v. Jones, 348 Fed. App'x 895 (4th Cir. Oct. 27, 2009).  Nevertheless, Petitioner still filed a second round of motions for reconsideration, for counsel and for in forma pauperis status.  Not surprisingly, those motions also were denied by the Court. (Doc. No. 24).

Now, Petitioner has again returned to this Court with another

notice of appeal and the instant Motion for a Certificate of Appealability.  Such Motion reports that Petitioner is seeking to challenge certain State court decisions in connection with his underlying State convictions along wit this Court's determination of the untimeliness of his Petition.  However, inasmuch as Petitioner is not entitled to appeal the State court's determinations to the Fourth Circuit Court of Appeals in this manner, and the Circuit Court already has, at least tacitly, approved this Court's dismissal of Petitioner's § 2254 Petition, his Motion for a Certificate of Appealability must be denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 383-84 (4th Cir. 2001).

   **NOW, THEREFORE, IT IS HEREBY ORDERED** Petitioner's Motion for a Certificate of Appealability is **DENIED.**

   **SO ORDERED.**

   Signed: June 3, 2010

   Graham C. Mullen
   United States District Judge