# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09CV6-MU-02

| | |
|---|---|
| PERCY ALLEN WILLIAMS, JR., ) ) Petitioner, ) ) v. ) ) ROBERT JONES, Supt. of the ) Hyde Correctional Institu- ) tion, ) ) Respondent. ) ) | ORDER |

**THIS MATTER** comes before the Court on Petitioner's Petition Requesting Recusal, filed March 28, 2011 (Doc. No. 32); and his Motion for Relief from Judgment Pursuant to Rule 60(b), filed April 22, 2011 (Doc. No. 33).

Pertinent to the instant filings, on January 8, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his December 4, 2003 convictions for attempted first-degree murder, first-degree kidnapping, and assault with a deadly weapon with intent to kill, inflicting serious injury. Upon this Court's review of that Petition, it was determined that the same was time-barred because Petitioner had no excuse for his failure to file his § 2254 Petition by October 5, 2007 -- the date on which his AEDPA one-year limitations deadline expired. Therefore, on January 13, 2009, the Court entered an Order dismissing Petitioner's § 2254 Petition as untimely filed.

Thereafter, Petitioner filed a notice of appeal (Doc. No. 9). However, the Fourth Circuit Court of Appeals tacitly approved of this Court's dismissal of Petitioner's case inasmuch as it

declined Petitioner's request for a certificate of appealability and dismissed his appeal. Williams v. Jones, 348 F. App'x 895 (4th Cir. Oct. 27, 2009). Petitioner also filed other post-motions for various forms of relief; however, this Court denied those matters. (Doc. Nos. 6 through 8).

Undeterred, Petitioner has filed some additional motions since the denial of his appeal, seeking further review and assistance in his case. All such Motions have been denied as meritless. Currently, Petitioner seeks recusal of the undersigned pursuant to 28 U.S.C. §§ 455 and 144. In support of this Request, Petitioner contends that the undersigned has "illegally and unlawfully entered void judgments against [Petitioner] . . . ." (Doc. No. 32 at 2). As was noted, however, Petitioner's attempt to challenge this Court's dismissal of his untimely filed habeas Petition already has been rejected by the Fourth Circuit Court of Appeals; and Petitioner's post-judgment Motions were determined to be meritless. Furthermore, the Court notes that Petitioner cannot establish judicial bias merely because the undersigned has ruled against him. In sum, Petitioner has failed to demonstrate bias or any other improper conduct by the undersigned; therefore, Petitioner's Petition Requesting Recusal (Doc. No. 32) will be denied.

By his Motion for Relief from Judgment, Petitioner seeks to challenge this Court's determination that his habeas Petition was untimely filed, contending that the undersigned "committed fraud against [Petitioner] by issuing an order under the premise that [his] habeas petition was untimely." (Doc. No. 33 at 2). Petitioner claims that he "improvidently and mistakenly went into detail explaining his position . . ." concerning why his Petition should have been construed as timely filed; and that despite his mistake, the Court committed fraud when it failed to fulfill its affirmative duty in verifying that he was entitled to a review of the merits of his Petition. (Id.). Petitioner further claims that the Court's findings were conclusory and should be deemed fraudulent because the Court concluded that the Petition was time-barred. (Id. at 3).

Once again, however, the Court's determinations and ruling were left undisturbed by the Court of Appeals. Moreover, Petitioner has failed to demonstrate that such ruling was wrong.[1] Accordingly, Petitioner's Motion for Relief from Judgment (Doc. No. 33) also will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition Requesting Recusal (Doc. No. 32) is **DENIED**;

2. Petitioner's Motion for Relief from Judgment (Doc. No. 33) is **DENIED**; and

3. Petitioner is admonished that if he continues to abuse the Court's limited resources by persisting with his meritless post-judgment motions, the Court may impose monetary sanctions against him, and/or require him to obtain leave of court before filing any additional motions in connection with this case.

**SO ORDERED.**

Signed: April 28, 2011

Graham C. Mullen
United States District Judge

---

[1] Even assuming the Court erred in stating that Petitioner began his pursuit of collateral review on October 7, 2007– the date identified in his first Motion to Amend his habeas Petition ( Doc. No. 2 at 18), as opposed to the April 23, 2008 date that was identified in his original Petition, this fact still would not render the Petition timely filed. Indeed, as was noted, Petitioner's pursuit of direct review was complete on or about October 5, 2006 – at the expiration of the 90-day period during which he could have filed his petition for a writ of certiorari in the U.S. Supreme Court. Thereafter, Petitioner's one-year limitations period under the AEDPA began to run on October 6, 2006 and fully expired on October 5, 2007. Accordingly, by the time Petitioner began his pursuit of State collateral review in April 2008, his one-year limitations period had expired approximately six months earlier. Ultimately, using the April 2008 date as the commencement of Petitioner's State collateral review proceedings makes it abundantly clear that his Petition was not timely filed.

3